IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PRINCIPAL LIFE INSURANCE COMPANY,

    Plaintiff,

v.                                                       CASE NO. 1:05-cv-00151-MP-AK

HOLLY LYNN BASS,
DEBORAH SAYLOR,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 1, Complaint for Interpleader against Holly Lynn Bass and Deborah Saylor, filed by Principal Life Insurance Company. Previously, Principal Life was discharged as a party in this action after depositing the disputed funds into the Registry of Court. Doc. 17. The only remaining issue is the entitlement to proceeds under the life insurance policy as between Ms. Bass and Ms. Saylor. The Court has jurisdiction pursuant to 28 U.S.C. § 1335.

On July 1, 1987, Principal Life issued a group life insurance policy to the City of Newberry, under which Marvin J. Bass, Jr., the Decedent, was a participant as an employee. The primary beneficiary under the policy was the Decedent's then-wife Deborah Saylor. Defendant Saylor and the Decedent were divorced on November 5, 1998, and pursuant to the divorce decree, the Decedent was required to maintain a $25,000.00 life insurance policy with his two children named as beneficiaries. The Decedent remarried, and on August 1, 2004, designated his new wife, Defendant Holly Lynn Bass, as the primary beneficiary under the policy. The Decedent died on October 2, 2004, and Defendants Bass and Saylor both filed claims to the

$20,000.00 life insurance policy.  Because of the conflicting claims, Principal Life filed a claim for interpleader, deposited the Disputed Benefits into the Registry of Court, and was then dismissed as a party in this action.  Defendants Bass and Saylor each assert that they are entitled to the insurance benefits.

Trial on this case was scheduled for Tuesday, March 20, 2007.  Prior to trial, both parties were offered the opportunity for mediation.  The parties agreed to mediation, and this matter was referred to Magistrate Judge Kornblum.  After engaging in mediation, the parties stated in court that they had agreed to settle this case.  The proposed settlement would divide the net insurance proceeds as well as any interest earned equally between the parties, with fifty-percent awarded to Ms. Saylor for the benefit and support of her children, and fifty-percent awarded to Ms. Bass.  After reviewing the record and the trial briefs of the parties, the Court approves the settlement agreement.  The Court finds that the settlement agreement strikes an appropriate balance between the wishes and obligations of the Decedent, while avoiding the uncertainties and expenses of trial.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Settlement Agreement of the parties is approved, and the net insurance proceeds of $17,810.00, plus interest, are divided equally between Deborah Saylor and Holly Lynn Bass, with each party to bear there own costs and expenses;

2. The Clerk is directed to distribute from the registry of court $8,905.00, plus fifty-percent of any accrued interest, to Deborah Saylor for the support and benefit of her children, Rt 7, Box 282, Pineville, KY 40977;

3. The Clerk is directed to distribute from the registry of court  $8,905.00, plus fifty-percent of any accrued interest, to Holly Lynn Bass, 9451 NW 121st Lane, Cheifland, FL 32626;

4.     After distributing the funds from the registry of court, the Clerk is directed to close this case.

**DONE AND ORDERED** this  *21st* day of March, 2007

           *s/Maurice M. Paul*
           Maurice M. Paul, Senior District Judge